United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20227
Summary Calendar

_____

ALVIN YOUNG,

                                        Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; EL FRANCO LEE, Harris
County Commissioners Court; CHARLES BACARISSE, Harris County
District Clerk; Warden STACKS; Mrs. HANLEY, Supervisor,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-3180
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

     Alvin Young, Texas prisoner # 635863, moves for permission

to proceed in forma pauperis (IFP) to appeal the dismissal of his

42 U.S.C. § 1983 complaint against El Franco Lee and Charles

Bacarisse as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

By moving for IFP, Young is challenging the district court's

certification that IFP status should not be granted on appeal

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

The district court "pierc[ed] the veil of the complaint's factual allegations" and held that Young sought 42 U.S.C. § 1983 relief based on the meritless legal theory of respondeat superior liability. See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Thompkins v. Belt, 828 F.2d 303-04 (5th Cir. 1987). Our review of Young's complaint convinces us that its dismissal as frivolous was not an abuse of discretion. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

"[N]othing prevents the appellate court from sua sponte dismissing the case on the merits pursuant to 5TH CIR. R. 42.2 when it is apparent that an appeal would be meritless." See Baugh, 117 F.3d at 202 n.24. Young has failed to show that his appeal involves nonfrivolous legal issues, and therefore his appeal is dismissed.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Young is CAUTIONED that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

MOTION FOR IFP STATUS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.